# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NXP USA, INC. and NXP B.V., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>IMPINJ, INC., )<br>)<br>Defendant. )<br>) | C.A. No. 1;19-cv-01875-RGA |

## DECLARATION OF YUKIO MORIKUBO

I, Yukio Morikubo, hereby declare as follows:

1. I am the General Counsel for Defendant Impinj, Inc. ("Impinj"). I am submitting this declaration to confirm facts relevant to Impinj's motion to transfer this action to the United States District Court for the Western District of Washington (Seattle). I make this declaration of my personal knowledge unless otherwise indicated.

2. Although Impinj is incorporated in Delaware, it otherwise has no significant ties to Delaware. Impinj has no offices in Delaware and does not lease or rent any land or space in Delaware or the surrounding area. Impinj has no employees in Delaware or the surrounding area.

3. Impinj and Plaintiffs are the two leading producers of RAIN RFID integrated circuits ("ICs"), and both sell their ICs to the same customers. RAIN is a type of RFID technology that operates at a longer range than NFC (*i.e.*, near-field communications). RAIN RFID tag manufacturers purchase RAIN RFID ICs and combine them with antennas to create

-2-

RAIN RFID tags (e.g., product labels), which end users then attach to their products and assets in order to identify, locate and track them.

4.  This lawsuit appears to be a response to a patent infringement suit Impinj filed in the United States District Court for the Northern District of California, styled *Impinj, Inc., v. NXP USA, Inc.,* Case No. 4:19-cv-03161-YGR. Impinj asserts in that case that NXP USA, Inc. copied Impinj's RAIN RFID ICs and infringed 26 Impinj patents.

5.  Impinj is a small company compared to the Plaintiffs. Impinj has one office - in Seattle, Washington - and employs approximately 250 employees. In contrast, based on public information, I understand that Plaintiffs and their affiliates employ approximately 30,000 employees, and had approximately $9.4 billion in annual revenues in 2018.

6.  As mentioned above, Impinj has only one office, which is in Seattle, Washington. Impinj's witnesses almost all reside and work in the Seattle area, or at least on the West coast of the United States. I anticipate, for example, that the engineers associated with the design of the accused Impinj products will be relevant witnesses. Impinj engineers who are likely to be witnesses include John Hyde (Portland, Oregon), John Quist (Seattle), and Theron Stanford (Seattle). Also, former Impinj engineer, Charles Peach, is also a likely witness, and also resides in the Seattle area. Other current employees of Impinj who will likely be material witnesses and who reside and work in the Seattle area include Chris Diorio, CEO, Vice Chair and co-founder of Impinj, Jeff Dossett, EVP Sales & Marketing, Hussein Mecklai, EVP Engineering, and others. Litigating this case in Delaware would be inconvenient for Impinj's witnesses as compared to Seattle, and would significantly increase the cost of the litigation to Impinj, and requiring travel to Delaware would create disruptions to Impinj's business, especially as compared to litigation in Seattle.

146210501.1

-3-

7. My understanding is that four of the eight patents asserted by plaintiffs relate to the configuration of semiconductor wafers. Wafers for Impinj's IC's are made by independent foundries in California and Taiwan, including Taiwan Semiconductor Manufacturing Corporation (TMSC), one of the largest semiconductor foundries in the world To the extent witnesses from those foundries would need to appear at trial, Seattle would be significantly more convenient than Delaware.

8. I am unaware of any potential witnesses in this action that reside or work in or near Delaware. My understanding is that seven of the eight asserted patents are owned by NXP B.V., which I understand is a Netherlands-based company, with a design center in Austria. I understand that Plaintiff NXP USA, Inc. is based in Austin, Texas, but also had a place of business in northern California (which was the basis for venue in Impinj's suit against NXP USA, Inc.).

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 21st day of November, 2019 at Seattle, Washington.

Yukio Morikubo